IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER SHAWN ROOKS,

           Plaintiff,

    v.                                  CASE NO. 13-3054-SAC

DRUG ENFORCEMENT ADMINISTRATION,
et al.,

           Defendants.

**MEMORANDUM AND ORDER**

This matter is a civil action filed pursuant to the Administrative Procedure Act (APA) by a prisoner in federal custody. Plaintiff proceeds pro se. Because plaintiff has submitted neither the $350.00 filing fee nor a motion to proceed in forma pauperis, the court will direct him to supplement the record.

*Screening*

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the

complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558.

Pleadings filed by a pro se litigant must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court need not accept "[t]hreadbare recitals of the elements of a cause action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S.Ct. 1937, 1949 (2009).

Plaintiff, a prisoner at the Federal Correctional Institution, Terre Haute, Indiana, claims the defendants, the United States Drug Enforcement Administration (DEA) and the United States Marshals Service (USMS) in Topeka Kansas, conspired to unlawfully defraud him of approximately $96,000.00 in cash.

The complaint shows the seizure of these funds occurred in April 1993 in Salina, Kansas, by the Kansas Highway Patrol. Plaintiff was held in the Saline County Jail from September to November 1993, when he was placed in the custody of the USMS in Wichita, Kansas.

Attachments to the complaint show that the DEA received the currency in May 1993 (Doc. 1, Att., pp. 21-23), and that the agency issued a Notice of Seizure on June 21, 1993, concerning the currency seized and showing a date of first publication as June 30, 1993 (*id.*, p. 24). The Notice of Seizure attached to the complaint is addressed to Kirk Underwood at an address in Chattanooga, Tennessee. However, the material supplied by the plaintiff also includes a copy of a certified mail envelope sent to plaintiff and returned with the hand-written note "moved left no address" (*id.*, p. 27), and shows that plaintiff filed a petition for remission or mitigation of forfeiture

(*id.*, pp. 29-32). The DEA denied that request in correspondence dated September 13, 1993 (*id.*, pp. 33-35).

This matter challenges a civil forfeiture of property. Plaintiff proceeds under the APA[1], which authorizes review of "final agency action," 5 U.S.C. § 704, and provides a statute of limitations of six years from the time the right of action accrues. 28 U.S.C. § 2401(a). A timely filing is a condition to the waiver of sovereign immunity under the APA, and a district court lacks jurisdiction if a plaintiff fails to comply with the timing requirement. *In re Franklin Savings Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004).

The record shows the declaration of forfeiture is dated September 10, 1993, and the plaintiff was notified by certified mail dated September 13, 1993, that the petition for remission or mitigation was denied (*id.*, p. 28). It is apparent that plaintiff did not bring the present action until nearly 20 years after the forfeiture, a point long after the six-year limitation period had run. Accordingly, the court notifies plaintiff that it is considering the dismissal of this action for lack of jurisdiction as it is not timely.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including June 3, 2013, to submit the $350.00 filing fee or a motion for leave to proceed in forma pauperis to the clerk of the court.

IT IS FURTHER ORDERED that plaintiff is directed to show cause

---

[1] Currency and other assets traceable to drug trafficking are subject to forfeiture by the federal government by a civil action. 18 U.S.C. § 981. The Civil Asset Reform Act of 2000 (CAFRA) establishes exclusive procedures for forfeiture actions commenced after August 23, 2000. 18 U.S.C. § 983. The forfeiture action in this matter predates the CAFRA.

on or before June 3, 2013, to show cause why this matter should not be dismissed due to plaintiff's failure to timely file this action. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 2d day of May, 2013, at Topeka, Kansas.

                                            S/ Sam A. Crow
                                            SAM A. CROW
                                            U.S. Senior District Judge