**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER SHAWN ROOKS,**

               **Plaintiff,**

      **v.**                                                    **CASE NO. 13-3054-SAC**

**DRUG ENFORCEMENT ADMINISTRATION and
UNITED STATES MARSHALS SERVICE,**

               **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil action filed pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 702, by a prisoner in federal custody. Plaintiff has submitted the initial partial filing as directed by the court, and his motion to proceed in forma pauperis is granted.[1]

The plaintiff's complaint and attachments show that plaintiff challenges the civil forfeiture of approximately $96,000.00 that occurred in 1993. By its order of May 2, 2013, the court directed plaintiff to show cause why this matter should not be dismissed due to his failure to challenge that forfeiture within the applicable six-year limitation period. *See* 28 U.S.C. § 2401.

In response, plaintiff states that he was represented by counsel at the time the forfeiture proceedings commenced and that his counsel later was disbarred. Plaintiff asserts that he became aware of the facts surrounding counsel's disbarment in March 2001, and he did not pursue relief from the forfeiture at that time due to a lack of

---

[1] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

financial resources. He says he was advised in 2009 by an inmate paralegal that the forfeiture was illegal. He commenced this action in March 2013.

*Analysis*

A claim under the APA accrues when a plaintiff knows or reasonably should know of the injury that forms the basis of the claim. *See United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000)(in suit seeking return of funds forfeited by Drug Enforcement Administration, "[t]he accrual date is the date on which [claimant] was on reasonable inquiry notice of the forfeiture…the earlier of the following: when he first became aware that the government had declared the currency forfeited, or when an inquiry that he could reasonably have been expected to make would have made him aware of the forfeiture") and *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1211 (10th Cir. 2001)(adopting rule in *Minor* in action seeking return of forfeited property).

Here, plaintiff clearly was aware of the forfeiture in 1993. The record shows counsel for plaintiff pursued a petition for remission and notified plaintiff in writing of the denial of that request in correspondence dated September 30, 1993 (Doc. 3, Attach., p.9). The letter notified plaintiff there was a 10-day period to seek reconsideration and directed plaintiff to advise counsel immediately if he wished to pursue that review. *Id*.

While there is no statutory tolling provision in the APA, equitable tolling considerations apply. A party seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

While plaintiff appears to seek equitable tolling of the

limitation period based upon the disciplinary action against his counsel in 1996 (see *id.*, p. 11), which plaintiff learned of in 2001, neither that disciplinary action nor plaintiff's lack of financial resources is sufficient to warrant equitable tolling. The record does not support a diligent pursuit of his rights by plaintiff, given his knowledge of the forfeiture in 1993, nor show extraordinary circumstances. In sum, the court finds no basis to excuse plaintiff's failure to comply with the limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is granted. Collection action shall continue pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the balance of the $350.00 filing fee.

IT IS FURTHER ORDERED this matter is dismissed due to plaintiff's failure to commence this matter within the limitation period.

Copies of this order shall be transmitted to the plaintiff and to the finance office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

DATED: This 25th day of July, 2013, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge